UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-01493-RGK-DSR | Date | February 13, 2026 |
|---|---|---|---|
| Title | *Think T. Nguyen v. Kristi Noem et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Defendant:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Application for Temporary Restraining Order [3]

## I. INTRODUCTION

On February 12, 2026, Think T. Nguyen ("Petitioner") filed a Petition for Writ of Habeas Corpus and the present *Ex Parte* Application for a Temporary Restraining Order ("Application") against Kristi Noem, Pamela J. Bondi, and Thomas Giles (collectively, "Respondents"). (ECF Nos. 1, 3.) Petitioner is a noncitizen who is currently being held in Immigration and Customs Enforcement ("ICE") custody.

Petitioner seeks the Court's order that Petitioner be immediately release from custody as there is purportedly no good reason to believe there is a significant likelihood of removal in the reasonably foreseeable future. For the following reasons, the Court **DENIES** the Application.

## II. JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III. DISCUSSION

Petitioner seeks the Court's order requiring that Petitioner be immediately released from custody. However, Petitioner fails to meet the standard needed to justify *ex parte* relief.

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-01493-RGK-DSR | Date | February 13, 2026 |
|---|---|---|---|
| Title | *Think T. Nguyen v. Kristi Noem et al* | | |

Petitioner fails to establish why his *Ex Parte* Application cannot be calendared in the usual manner. In the Petition, Petitioner stated he has been detained since January 2, 2026. However, in his Application, Petitioner failed to articulate why he now requires immediate action through the *ex parte* process. Petitioner alleges no facts that specify why the Court *must* grant him relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet his burden under the first element of the *Mission Power* test, and *ex parte* relief is not justified.[1]

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/gz |

---

[1] In his Application, Petitioner has dedicated only two conclusory sentences to the likelihood of success on the merits of his Petition, "the most important factor" in deciding whether to grant injunctive relief. *Chamber of Com. of the United States of Am. v. Bonta*, 62 F.4th 473, 481 (9th Cir. 2023) (citing *California by & through Becerra v. Azar*, 950 F.3d 1067, 1083 (9th Cir. 2020) (en banc)). Although the Court declines to address the substantive merits of the Application because it fails to satisfy the *Mission Power* test, the Court reminds Petitioner that further explanation and analysis is needed to allow for the Court to make a judgment as to whether there is a likelihood of success on the merits. *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010 (C.D. Cal. 2018) ("The Court's role is not to make or develop arguments on behalf of the parties.").